UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTONIO REYES,

    Petitioner,

v.                                                         CASE NO. 6:13-cv-1014-Orl-37TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 13). Petitioner filed a reply (Doc. No. 17).

Petitioner alleges one claim for relief, that trial counsel was ineffective for failing to call an expert witness at trial. As discussed hereinafter, the Court finds that the petition is untimely and must be denied.

*I.    Procedural History*

Petitioner was charged by amended information with attempted first degree murder with a firearm (count one), aggravated battery causing great bodily harm (count two), aggravated assault with a firearm (count three), and improper exhibition of a dangerous weapon or firearm (count four) (App. A at 37-39). After a jury trial, Petitioner

was convicted of the lesser included offense of attempted second degree murder for count one and of the other counts as charged. *Id.* at 71-77. The jury made a special finding that Petitioner actually possessed a firearm, discharged a firearm, and inflicted great bodily injury on the victim. *Id.* The trial court sentenced Petitioner to twenty-five-year minimum mandatory sentences for counts one and two, to a five-year sentence for count three, and to time served for count four. *Id.* at 166. The trial court ordered the sentences for each count to run concurrently. *Id.* Petitioner appealed, and on October 21, 2008, the Fifth District Court of Appeal affirmed *per curiam* (App. B at 120). Mandate issued on November 7, 2008. *Id.* at 121.

On October 27, 2009, Petitioner filed, through counsel, a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (App. C at 1-36). The trial court denied the motion in part and granted an evidentiary on claim one, Petitioner's claim that counsel was ineffective for failing to retain an expert. *Id.* at 105-113. An evidentiary hearing was held on June 22, 2011, after which the trial court denied claim one (App. D; App. C at 170-72). Petitioner appealed, and the appellate court affirmed *per curiam* on July 17, 2012 (App. H at 79). Mandate issued on August 17, 2012. *Id.* at 90. Petitioner filed his federal habeas petition on July 1, 2013 (Doc. No. 1).

II.   *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ

2

>   of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>   (A)   the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its affirmance of Petitioner's convictions and sentences on October 21, 2008. Petitioner then had ninety days, or through January 19, 2009, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13(3). Thus, under § 2244(d)(1)(A), the judgment of conviction became final on January 19, 2009, and Petitioner had through January 19, 2010, absent any tolling to file a federal habeas petition.

3

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed a Rule 3.850 motion on October 27, 2009. A total of 281 days of the one-year limitations period elapsed before Petitioner filed this motion. The time for filing a federal habeas petition was tolled from October 27, 2009, through August 17, 2012, the date the mandate issued on appeal from the denial of Petitioner's Rule 3.850 motion. Petitioner had 84 days remaining of the one-year limitations period, or until November 9, 2012, in which to file his federal habeas petition. The instant habeas petition, filed on July 1, 2013, is untimely filed.

## III. Equitable Tolling

To overcome his untimely filing, Petitioner alleges that he is entitled to equitable tolling of the one-year limitations period. In *Holland v. Florida*, 560 U.S. 631, 649 (2010), the Supreme Court of the United States held that a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner first argues that because he was required to exhaust his ineffective assistance of counsel claims, the time following his direct appeal and prior to filing his Rule 3.850 motion should be tolled (Doc. No. 17 at 16). Petitioner notes that Rule 3.850(b) provides state prisoners two years to file a post-conviction motion. *Id.* Petitioner contends that because he diligently pursued his ineffective assistance of counsel claims

4

within the time set forth by the Florida Rules of Criminal Procedure, the one-year period should be tolled. *Id.*

Petitioner's argument that the limitations period should be equitably tolled because he followed Florida's two-year statutory period for filing Rule 3.850 motions has been rejected the by the Eleventh Circuit. *See Rich v. Dep't of Corr.*, 317 F. App'x 881, 882-83 (11th Cir. 2008) (filing a state post-conviction proceeding with the two-year period allowed by Florida law does not preclude the one-year time limit set forth in § 2244(d)); *see also Langill v. McNeil*, No. 2:05-cv-509-FtM-29DNF, 2008 WL 4613089, at *2 (M.D. Fla. Oct. 16, 2008) (rejecting the petitioner's claim that "he should not be penalized by the federal one-year limitations period because his Rule 3.850 [motion] was timely filed within Florida's two-year statutory period."). Therefore, Petitioner has not demonstrated that he is entitled to equitable tolling on this basis.

Petitioner also contends that he is entitled to equitable tolling of the one-year limitations period because he is actually innocent (Doc. No. 17 at 16-17). Petitioner alleged at trial that he shot at the victim because he was in fear for his life (App. G at 57-60). According to Petitioner, the victim was advancing toward him or "charging" in a threatening manner while holding a shovel. *Id.* Petitioner shot the victim in the foot (App. F at 119). The victim testified that he was walking away from Petitioner when he was shot, and the bullet entered his foot through his heel. *Id.* at 117-19.

Petitioner cites to the expert testimony of Dr. Anderson, who testified at the state

5

post-conviction evidentiary hearing, to support his claim of self-defense. Dr. Anderson opined that the bullet entered the victim's foot from the bottom and exited through the victim's heel (App D. at 14-15). Petitioner contends that the expert's opinion validates his version of the events, *i.e.*, that the victim was approaching him when Petitioner fired his weapon (Doc. No. 3. at 32-36). Petitioner states that this expert testimony would have supported his claim of self-defense, and therefore, he would have been acquitted at trial. *Id.*

The Supreme Court of the United States recently held that actual innocence, if proved, may serve as a gateway through which a habeas petitioner may obtain review of his claims even if the one-year statute of limitations has expired. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "An actual-innocence claim must be supported 'with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 530-31 (11th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To satisfy the "'threshold showing of innocence' justifying 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 531 (quoting *Schlup*, 513 U.S. at 317). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner's actual innocence argument merely relates to the legal sufficiency of his

6

conviction and does not prove factual innocence. *See McKeithen v. Billips*, 2014 WL 5679300, No. 7:13-cv-1944-RDP-TMP, at * 7 (N.D. Ala. Nov. 3, 2014) (citing *Harvey v. Jones*, 179 F. App'x 294 (6th Cir. 2006) (holding that evidence a killing was done in self-defense does not support a finding of actual innocence); *but see Finley v. Johnson*, 243 F.3d 215, 220-21 (5th Cir. 2001) (holding a showing of facts establishing an affirmative defense that would result in the defendant's acquittal constituted a sufficient showing of actual innocence to allow a petitioner to proceed with a procedurally defaulted claim); *Jaramillo v. Stewart*, 340 F.3d 877, 890-93 (9th Cir. 2003) (concluding the petitioner's claim that he was actually innocent of the crime because new evidence showed he acted in self-defense, which would render his conduct non-criminal, amounts to factual innocence and not mere legal insufficiency).

Assuming Petitioner's claim amounts to factual innocence, Petitioner cannot meet the threshold showing that the new evidence raises a sufficient doubt about his guilt so as to undermine confidence in the result of the trial. *Milton*, 347 F. App'x at 531. The trial court found Dr. Anderson's conclusion that the bullet entered the bottom of the victim's foot and exited through the heel was not credible (App. C at 172). This Court is bound by the trial court's credibility determination. *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determined and thus credit [counsels'] testimony over [petitioner's]."); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts and assessments of witness

credibility are, however, entitled to the same presumption accorded to findings of fact under 28 U.S.C. § 2254(d).").

Furthermore, the Court notes that the victim and his wife both testified they were working in a neighbor's yard when Petitioner walked by wearing a bullet proof vest (App. F at 104-09, 165). They testified that Petitioner threatened to kill the victim and then shot at the victim unprovoked as the victim was walking away (App. F at 116-19, 167-71). A neighbor also testified that although the victim was holding a shovel when he spoke to Petitioner, he did not threaten Petitioner with the shovel (App. G at 17-22). In contrast, Petitioner testified that the victim was angry and "came at" him with a shovel in a threatening manner. *Id.* at 57-59, 83. Petitioner denied threatening to kill the victim. *Id.* at 60. Petitioner also testified that he was not wearing a bullet proof vest. *Id.* at 53. Petitioner testified that he feared for his life so he fired his gun to keep the victim from "charging" at him. *Id.* at 59. Petitioner explained that he did not intend to kill the victim but just wanted to stop him. *Id.*

Even if the jury heard the expert's testimony that the bullet entered the bottom of the victim's foot and exited through his heel, thus indicating the victim was not walking away from Petitioner when he was shot, there is no indication that Petitioner would have been acquitted of the crimes. Three witnesses testified that the victim did not threaten Petitioner with a shovel, and the shooting was unprovoked. Petitioner has not met his burden of proving he is actually innocent of the charged crimes. Therefore, Petitioner

8

has failed to demonstrate that his untimely petition should be excused. Accordingly, Petitioner's untimely habeas corpus petition must be denied.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

## IV.   *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   The Petition for Writ of Habeas Corpus filed by Antonio Reyes (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court

shall enter judgment accordingly.

    2.    Petitioner is **DENIED** a certificate of appealability.

    3.    The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 1st day of December, 2014.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 12/1
Counsel of Record